OF THE

## TERRITORY OF ARIZONA,

JANUARY TERM, 1872.

---

TERRITORY OF ARIZONA EX REL. C. W. C. ROWELL,
DISTRICT ATTORNEY, RELATOR, v. WILLIAM H. FOR-
REST, ADMINISTRATOR, RESPONDENT.

ANY JUSTICE OF SUPREME COURT MAY GRANT WRIT OF CERTIORARI. The
authority given to each of the justices to issue this writ is precisely the
same as that given to the court.

RECEIVER APPOINTED TO TAKE CHARGE OF ESCHEATED ESTATE of a de-
ceased person is entitled to the custody of the realty only, and of the
rents and profits thereof. The administrator of such an estate is the
proper custodian of the personalty belonging thereto, and the district
court has no authority to compel him to turn over the personal estate to
such receiver.

JURISDICTION OF DISTRICT COURTS IN MATTERS COGNIZABLE IN PROBATE
COURTS is wholly appellate.

CERTIORARI to the district court of the second judicial dis-
trict. The opinion states the case.

*C. W. C. Rowell,* for the relator.

*J. P. Hargrave,* for the respondent.

A. T. REPS. I—4

By Court, TWEED, J.:

This is a *certiorari* granted by the supreme court and directed to the district court, second judicial district in and for the county of Yuma.

The record or transcript in the case shows that the relator, William H. Forrest, was appointed administrator of the estate of Robert Cavennaugh, deceased, by the probate court for the county of Yuma, on the twenty-sixth day of December, 1859. That the relator qualified and entered upon his duties as such administrator and continued to act as such administrator up to the time his petition herein was filed. That his letters had not been revoked and no proceedings had been instituted in said probate court for their revocation. That the property of said estate consisted of certain real estate situated in Arizona city, Yuma county, and of money and other personal property of the value in all of some twelve thousand dollars.

That in November, 1871, and during the session of the district court in and for said county of Yuma, an information was filed in said court by the acting district attorney of said county of Yuma, alleging the escheat of said estate to the territory of Arizona, and praying among other things for a decree vesting said estate in said territory.

It is also alleged in the information, in very loose and general terms, that the estate was being badly managed by the administrator, and the court asked to appoint a receiver therein. Upon this information such proceedings were had that on the thirteenth day of November an order was entered in said court appointing Thomas Hughes receiver, to take charge of said estate, and a further order therein made, directing said administrator, "the relator herein," upon application of said Thomas Hughes, receiver, at once to turn over to said receiver all property and moneys in his hands or under his control belonging to said estate.

The foregoing contains all that is material in the transcript for consideration in passing upon the question to be decided. The relator, in his petition and in his brief filed, insists that the said court acted without authority of law and exceeded its jurisdiction in making the order, in so far as such order required the relator to turn over and deliver the personal

property and effects in his hands as the administrator of said estate to the receiver.

The case was submitted to us without argument, but upon briefs filed in the case of the *Territory* v. *Neahr*, also before us by *certiorari* at this time.

In the argument in that case and by the brief filed by respondent, it was insisted that the writ was improperly issued, the order for the issuance of the writ having been made in that case as in this by his honor the chief justice. We however are satisfied that in this regard the writ was properly issued. Section 5 of the statute conferring jurisdiction, Compiled Laws, page 375, reads as follows: "This court [supreme court] and each of the justices thereof shall have power to issue all writs necessary or proper to the complete exercise of the powers conferred by law and by this and other statutes." It seems clear to us that under this section the authority given to each of the justices in the issuance of this writ is precisely the same as that given to "this court."

The fact that the supreme court judges are also the district judges may be a good reason for changing the law so that a concurrence of two should be required to grant the writ; but we think the language of the section quoted unequivocal, and in conferring upon "this court" and each of the justices thereof the power to issue writs, it must be deemed that the legislature intended to bestow upon each of the justices all the powers conferred upon this court in this regard.

This brings us to the consideration of the question whether or not the district court exceeded its power and jurisdiction in the matter complained of by the relator. We regret that we are compelled to pass upon and dispose of the question at issue hurriedly. No term of this court can be held until next January, and it is important to litigants that the causes before us which have been submitted shall be passed upon and decided at this term. Under such circumstances we can not set out as fully as we desire to do the reasons for, and the grounds upon, which our decisions are made.

Conceding the proceeding had in the district court to decree the escheat of the estate of Cavennaugh to have been regular, and the appointment of a receiver in such proceed-

ings to have been necessary and proper, was there any authority in said court to compel the administrator to turn over the personalty of said estate to the receiver? We think there was not, and that the court in making such order acted without authority of law and in excess of its legitimate jurisdiction. The statute relating to escheats, Compiled Laws, pages 561, 562, 563, nowhere contemplates, even when a receiver is appointed, that he shall be the custodian of the estate beyond the realty and the rents and profits thereof; but expressly provides that the administrator shall proceed to settle the estate as in other cases; and after all just debts against the estate are paid, together with the expenses of administration, shall pay over the residue of moneys belonging to the estate, if any there be, not to the receiver, but to the territorial treasurer, who shall place the same in the general fund of the territory. It is proper to add, that the district court of the territory have only appellate jurisdiction of matters properly cognizable in the probate courts, and that the exercise of other than appellate jurisdiction in such matters is unauthorized by law.

Our decision is, and it is so ordered, that the district court of the second judicial district in and for the county of Yuma so modify its order herein as to make the receiver so appointed the custodian only of the real property, with the rents and profits thereof, and that said order, so far as it requires the administrator, the relator herein, to turn over the moneys or other personal property of said estate to said receiver, be vacated.